JUDGE ROBERTSON
delivered the opinion of the court:
The statute concerning turnpike and plank roads (ch. 103, page 436, 2 Stanton's Revised Statutes), and authorizing the condemnation of land, rock quarries, and other materials for construction, provides, in the 37th section, that “ no quarry shall be condemned within two hundred yards of any dwelling-house, or so near to any garden, orchard, or spring as materially to impair the value of the same.”
*449 The appellee proceeded, in the mode prescribed by its charter, to condemn, for the use of its road, a rock quarry of the appellant, who, anticipating its object, had, before its complete organization, placed on his land, within the prohibited distance from the quarry, a small and fragile house, without a chimney, and leased it to a tenant, who, after a short occupancy, finding it, as may be presumed, not comfortably habitable, left it, when the appellant put up a temporary chimney, and had the house occupied by free negroes, who were in it at the time of the inquisition on the writ of ad quod damnum. The inquisition, assessing damages, was traversed, and, on the trial of the traverse, the county judge instructed the jury, that, un-less the house was built “in good faith” for a dwelling-house, its location did not protect the quarry from condemnation for the use of the turnpike, and the jury thereupon confirmed the inquisition, and the court gave judgment of condemnation.
The whole legislative intent is not clearly defined by the statute.- We are satisfied, however, that the principal object was to prevent annoyance to the domicil, and that it is not material whether the owner or his tenant dwells in it; but we are also satisfied, that, to entitle the owner to the statutory exemption, the house, humble and fragile though it may be, must have been erected for the purpose of being used as a dwelling-house, and for no other purpose, or that it was converted, “in good faith,” into a dwelling-house; and, therefore, as in this case the facts authorized the deduction that the “ shanty” was put up and occupied for the sole purpose of preventing the condemnation of the quarry, and not “in good faith” for a dwelling-house, the instruction to the jury was right, and their finding proper.
Wherefore, the judgment appealed from is affirmed.